IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA FILOSA<br>763 Locust Ct<br>North Wales, PA 19454<br>        Plaintiff<br><br>v.<br><br>SUN LIFE ASSURANCE<br>COMPANY OF CANADA<br>One Sun Life Executive Park<br>SC 4312<br>Wellesley Hills, MA 02481<br><br>        Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Andrea Filosa, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Sun Life Assurance Company of Canada (hereinafter referred to as " Sun Life"), as follows:

## I. STATEMENT OF JURISDICTION:

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this judicial district. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2):

a.) The Plaintiff resides within the jurisdictional boundaries of this Court. She filed her appeal of denial of Long Term Disability Benefits within the judicial district of this Court and received her final administrative denial at her address located with in the judicial district of this Court. The breach took place within the jurisdictional boundaries of this Honorable Court;

## III. FACTS:

3. The Plaintiff, Andrea Filosa, is an adult and competent individual with a physical address of 763 Locust Ct., North Wales, PA 19454.

4. The Defendant, Sun Life, under information and belief, is a business entity with a place of business located at One Sun Life Executive Park, SC 4312, Wellesley Hills, MA 02481-5699.

5. Sun Life is a business entity which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Sun Life issued a policy providing disability

insurance benefits the Plaintiff through his employer.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Sun Life to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for Short Term disability benefits with Sun Life. By correspondence, Sun Life informed the Plaintiff that they were unable to approve the claim because her claim was excluded based upon the exclusion of covered for work related conditions.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors as well as a Workers' Compensation Denial in support of her claim.

13. By correspondence September 27, 2022, Sun Life denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

14. Sun Life acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Sun Life in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Sun Life in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Sun Life as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Sun Life, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from October 5, 2021 until the duration of her Short Term Disability Claim.

WHEREFORE, the Plaintiff, Andrea Filosa, respectfully requests that judgment be entered against Sun Life as follows:

1. Ordering Sun Life to pay to the Plaintiff, Andrea Filosa, all short term disability insurance benefits due and owing to her from October 5, 2021 and continuing into the future;

2. Awarding the Plaintiff, Andrea Filosa, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____

Michael J. Parker
PA Bar Id. No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500